In re LEE TIN MEW.

Misc. No. 737.

United States District Court
D. Hawaii.

May 14, 1958.

Louis B. Blissard, U. S. Atty., District of Hawaii, by Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for U. S. Immigration & Naturalization Service.

N. W. Y. Char, Honolulu, Hawaii, for respondent.

J. FRANK McLAUGHLIN, Chief Judge.

The Court: I am asked to quash the order heretofore made, pursuant to § 1225(a) of Title 8, United States Code Annotated, directing Lee Tin Mew to appear before the Naturalization Service and an officer thereof to testify concerning his privilege to reside in the United States and concerning any matter material and relevant thereto under the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq. This request is made of the Court because it is claimed that such an order is illegal when measured by the opinion of the Supreme Court of the United States in the case of United States v. Minker, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185.

In this case the facts are that, as the record shows, the government claims to have grounds for suspecting that this individual is an alien, and it wishes to inquire into that subject by talking to him and learning from him about his own background and that of his brothers to determine whether or not he and his brothers have a right to be and remain in the United States. As to his brothers, information is sought to be obtained from this individual regarding the present whereabouts of said brothers within the United States.

In the Minker case there was no such suspicion. It was an indisputable fact that Minker had been naturalized and was in fact a citizen of the United States. The Supreme Court held that the word "witness" in the statute was ambiguous, and that to hold that in a matter as important to the individual as potential denaturalization it was not fair to construe the word "witness" to include the individual who might be denaturalized on the basis of his own testimony thus given.

I am inclined to believe that the Minker case should be confined to its own facts. To be sure, upon the motion here made to quash there is an attached affidavit not disputed at the moment, at least, that the individual involved in this litigation is a naturalized citizen (48 U.S.C.A. § 494, through collective naturalization) of the United States and has been recognized as such by being allowed to reenter the United States after a trip to a foreign land, reentry being made as a citizen. That, however, is now but a contention. The fact remains that the Immigration authorities have satisfied this Court that they have grounds for believing that that contention is at least suspect and they wish to inquire into it. It may turn out that their suspicions are unfounded, and, of course, the opposite may turn out and lead to deportation proceedings, even possibly criminal proceedings.

Be that as it may, the individual's rights, I believe, are adequately protected. Granted, that deportation is somewhat analogous to denaturalization; indeed, some of its aspects may be more stringent and distressing, depending on the circumstances. However, an alien's right to be and remain in the United States is a privilege, and the Congress of the United States has legislated so as to give the Attorney General the "* * * power to administer oaths and to take and consider evidence of or from any person touching the privilege of any alien or person he believes or suspects to

be an alien to enter, reenter, pass through, or reside in the United States or concerning any matter which is material and relevant to the enforcement of this chapter * * *" 8 U.S.C.A. § 1225.

In keeping with that broad power, as it affects people within its scope, I believe that the facts and circumstances here indicate that the Attorney General has properly invoked this power and is entitled to the aid of this Court directing the individual to appear at the designated time and place and to testify as directed. Should he run into any situations that might call for his utilization of certain legal privileges not to incriminate himself, he certainly would have the right to claim those in that proceeding. But that possibility in and of itself does not warrant his not being ordered to appear and testify for the reasons above recited.

Thus it is I deny the motion to quash.